UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID FROHWERK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:11-CV-201 WL |
| | ) | |
| UNKNOWN EMPLOYEES OF WESTVILLE CORRECTIONAL FACILITY, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

David Frohwerk, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). In determining whether the complaint states a claim, the court applies the same standard as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Frohwerk is suing multiple defendants from Westville Correctional Facility ("Westville"), including grievance specialist Tim Bean and Superintendent Mark Levenhagen, claiming that they housed him under inhumane conditions in the segregation unit at Westville between January 31, 2011, and April 20, 2011. Specifically, he alleges that he was housed in a cold and damp cell without adequate bedding or clothing to keep him warm and that he became sick with a cold as result.

In the past four months, Frohwerk has initiated eight separate lawsuits, several of which have defendants in common and contain overlapping allegations about the conditions in the segregation unit. *See Frohwerk v. Armstrong*, 2:11-CV-202-WCL (N.D. Ind. filed June 13, 2011); *Frohwerk v. Unknown Employees*, 2:11-CV-201-WCL (N.D. Ind. filed June 13, 2011); *Frohwerk v. Carter*, 2:11-CV-199-TLS (N.D. Ind. filed June 13, 2011); *Frohwerk v. Levenhagen*, 2:11-CV-157-JTM (N.D. Ind. filed May 2, 2011); *Frohwerk v. Johnson*, 2:11-CV-133-RLM (N.D. Ind. filed Apr. 12, 2011); *Frohwerk v. Buss*, 2:11-CV-070-PPS (N.D. Ind. filed Feb. 23, 2011); *Frohwerk v. Buss*, 2:11-CV-69-RLM (N.D. Ind. filed Feb. 22, 2011). In a case proceeding before Chief Judge Simon, Frohwerk is suing Levenhagen and Bean, among other defendants, based on the same set of facts as those raised in this case. *See Frohwerk v. Buss, et al.,* 2:11-CV-070-PPS, DE 1. As in this case, he alleges there that he was housed in excessively cold conditions in the segregation unit at Westville beginning in January 2011 in violation of his Eighth Amendment rights. *Id.*

While Frohwerk is free to raise his claims in the earlier filed lawsuit, it is malicious for him to file multiple suits against the same defendants based on the same set of facts. *See* 28 U.S.C. § 1915A; *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is

2

"malicious" for purposes of 28 U.S.C. § 1915A if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit brought by the same plaintiff). Accordingly, this case must be dismissed.

For the reasons set forth above, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 20, 2011

                                          s/William C. Lee
                                          William C. Lee, Judge
                                          United States District Court